**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**STACY UNDERWOOD,**

       **Plaintiff,**

vs.	No. CIV 06-0824 RB/LFG

**UNITED STATES,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction (Doc. 3), filed on September 28, 2006.[1]  Having reviewed the submissions of Plaintiff, and being otherwise fully advised, I deny the Application.

**I.  Background.**

On September 6, 2006, Plaintiff filed a Complaint for Damages, Refund, and Injunctive Relief ("Complaint") under 28 U.S.C. §1346, 26 U.S.C. §7433, and 5 U.S.C. § 552.  Plaintiff seeks a refund of payroll taxes, damages for Defendant's collection activities, injunctive relief against collection, and documents requested under the Freedom of Information Act, 5 U.S.C. § 552.

In the Application for Temporary Restraining Order and Preliminary Injunction, Plaintiff requests that this Court prohibit Defendant's collection activity against her.  Plaintiff certified that she mailed a copy of the Application to United States Attorney on September 7, 2006.  The record does not indicate that Defendant has been served.  No entry of appearance has been filed on behalf of Defendant.

---

[1] Plaintiff filed an identical Application for Temporary Restraining Order and Preliminary Injunction on September 22, 2006 (Doc. 2).

**II.     Standard.**

As a pro se litigant, Plaintiff is entitled to a liberal reading of her pleadings and her submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989). However, the Court may not assume the role of advocate for a pro se litigant, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A pro se litigant must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir.1994).

**III.  Discussion.**

In order to obtain a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure, it must clearly appear from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss, or damage will result before the adverse party may be heard in opposition, and the applicant certifies to the court in writing efforts, if any, that have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Plaintiff has made no showing that irreparable injury, loss, or damage will result before Defendant may be heard in opposition to her request for a preliminary injunction. Under these circumstances, Plaintiff is not entitled to a temporary restraining order.

In order to merit a preliminary injunction under Rule 65(a), a moving party must satisfy a four-part test. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir.2005). The party must establish (1) she will suffer irreparable injury unless the injunction issues, (2) the threatened injury outweighs any damage the proposed injunction may cause the opposing party, (3) if issued, the injunction would not be adverse to the public interest, and (4) she has a substantial likelihood of

success on the merits. *Id*.

The extent to which Plaintiff is able to satisfy the four-part test will be determined after a hearing, fully-noticed and contested, on the application for preliminary injunction. A hearing will be set on Plaintiff's application for a preliminary injunction after an entry of appearance is filed on behalf of Defendant.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Application for Temporary Restraining Order (Doc. 3), filed on September 28, 2006, is **DENIED**.

**IT IS FURTHER ORDERED** that a hearing will be set on Plaintiff's application for a preliminary injunction after an entry of appearance is filed on behalf of Defendant.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**