IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**STACY UNDERWOOD,**

    **Plaintiff,**

vs.                                                   **No. CIV 06-0824 RB/LFG**

**UNITED STATES,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss or for Summary Judgment (Doc. 11), filed on December 8, 2006, Plaintiff's Motion for Summary Judgment (Doc. 13), filed on December 22, 2006, and Plaintiff's Application for Preliminary Injunction (Doc. 3), filed on September 28, 2006. Having considered the record, arguments of the parties, relevant law, and being otherwise fully advised, I find that Defendant's motion should be granted and that Plaintiff's motions should be denied.

**I.  Background.**

On September 6, 2006, Plaintiff filed a Complaint for Damages, Refund, and Injunctive Relief ("Complaint") under 28 U.S.C. §1346, 26 U.S.C. §7433, and 5 U.S.C. § 552, seeking a refund of payroll taxes withheld from her wages in 2003 and 2004, damages for Defendant's unauthorized collection activities, injunctive relief against collection, and documents requested under the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA").

Defendant argues that the claims are jurisdictionally deficient and/or the complaint fails to state a claim. Plaintiff argues that she is entitled to relief and Defendant's response to her FOIA request is insufficient.

**II.     Standard.**

As a pro se litigant, Plaintiff is entitled to a liberal reading of her pleadings and her submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989). However, the Court may not assume the role of advocate for a pro se litigant, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A pro se litigant must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir.1994).

**III.    Discussion.**

    **A.     Refund claim.**

Plaintiff invokes this Court's subject matter jurisdiction under 28 U.S.C. § 1346(a)(1), which grants district courts original jurisdiction in "[a]ny civil action against the United States for the recovery of . . . any sum alleged to have been excessive . . . under the internal-revenue laws." *Id*. Two prerequisites must be met before a district court acquires subject matter jurisdiction under § 1346(a)(1). *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir.2006). The plaintiff must fully pay the challenged tax assessment and file a valid refund claim with the IRS. *Id*.

Defendant submitted evidence that Plaintiff failed to fully pay the assessed penalties and asserted that Plaintiff failed to file a refund claim. Plaintiff makes no allegations or showing to the contrary. Because Plaintiff has failed to establish the jurisdictional prerequisites under § 1346(a)(1), this Court lacks subject matter jurisdiction over her refund claim.

    **B.     Unauthorized collection claim.**

Plaintiff asserts a claim pursuant to 26 U.S.C. § 7433, which provides for a civil action against

IRS agents for unauthorized collection actions. As a prerequisite to bringing suit under Section 7433, a taxpayer must exhaust administrative remedies. *See* 26 U.S.C. § 7433(d). Plaintiff admits that she did not file an administrative claim, but contends that she was unable to file an administrative claim because the IRS has no established location to submit an administrative claim and the IRS did not give her actual notice of such a location. There are no exceptions to the exhaustion requirement set forth in Section 7433, including futility. *Turner v. United States*, 429 F.Supp.2d 149, 151 (D.D.C.2006). Plaintiff failed to exhaust administrative remedies with respect to her § 7433 claim.

**C.     Claim for injunctive relief against collection of penalties.**

The Anti-Injunction Act, 26 U.S.C. §§ 7421-7434, states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." Plaintiff asserts that the Anti-Injunction Act is inapplicable because her claim involves assessment of tax penalties and not taxes. The Tax Code states that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties . . . provided by this subchapter." 26 U.S.C. § 6671(a). Penalties assessed for failure to pay taxes are considered taxes and are subject to the Anti-Injunction Act. *Id.*; *see also United States v. Sotelo*, 436 U.S. 268, 288 (1978) (Rehnquist, J., dissenting). Thus, Plaintiff's argument is baseless.

Plaintiff must establish that her claim falls within one of the narrow exceptions to the Anti-Injunction Act. *See James v. United States*, 970 F.2d 750 (10th Cir.1992); *Lowrie v. United States*, 824 F.2d 827 (10th Cir.1987) (plaintiff cannot avoid Anti-Injunction Act by raising constitutional claims, and exceptions to the Act are rare). Because Plaintiff has neither alleged, nor demonstrated, that her claim falls within an exception, the Court lacks subject matter jurisdiction over Plaintiff's claim for injunctive relief against collection of tax penalties.

### D.     FOIA claim.

Plaintiff requested FICA and Medicare "tax assessment records, which show any such assessment were made against [her] as an individual" for the years 2003-2004.  (Compl. Ex. C.)  Defendant responded that it was unable to process her request, as submitted, because the documents were not reasonably described, and disclosed six pages of individual master file (IMF) literal and specific transcripts.  (Compl. Ex. C-2.)  Defendant attached additional copies of the transcripts to its brief and states that such transcripts constitute the only agency records that could be responsive to Plaintiff's request.

"FOIA confers jurisdiction on the district courts to enjoin [a federal] agency from withholding agency records and to order the production of any agency records improperly withheld." *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).  Jurisdiction arises under FOIA only when "an agency has (1) improperly (2) withheld (3) agency records." *Id.*; *see also* 5 U.S.C. § 552(a)(4)(B).  "Once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot." *Anderson v. United States Dep't of Health & Human Servs.*, 3 F.3d 1383, 1384 (10th Cir.1993) (citations omitted).  IMF Transcripts are responsive to FOIA requests for record of summary assessments.  *See Ellis v. I.R.S.*, 2003 WL 23334515 (D. Colo. 2003); *Parenti v. IRS*, 2003 WL 1548550 (W.D. Wash. 2003).  Because the IRS provided Plaintiff with all documents responsive to her FOIA request before the commencement of this action, her FOIA claim is moot.

### E.     **Plaintiff is not entitled to a preliminary injunction.**

In order to merit a preliminary injunction under Rule 65(a), a plaintiff must satisfy a four-part test.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir.2005).  The plaintiff must establish

(1) she will suffer irreparable injury unless the injunction issues, (2) the threatened injury outweighs any damage the proposed injunction may cause the opposing party, (3) if issued, the injunction would not be adverse to the public interest, and (4) she has a substantial likelihood of success on the merits. *Id.* Plaintiff has failed to show a substantial likelihood of success on the merits. Thus, her application for a preliminary injunction is denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss or for Summary Judgment (Doc. 11), is **GRANTED** and that Plaintiff's Motion for Summary Judgment, (Doc. 13), and Application for Preliminary Injunction, (Doc. 3), are **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

*/s/ Robert Brack*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**